HAWAIIAN CONTRACTING COMPANY, LIMITED, AN HAWAIIAN CORPORATION, *v.* E. J. LORD, LIMITED, AN HAWAIIAN CORPORATION, AND THE TERRITORY OF HAWAII, BY THE BOARD OF SUPERVISORS OF THE COUNTY OF MAUI.

No. 1878.

ARGUED APRIL 26, 1929.                    DECIDED MAY 3, 1929.

PERRY, C. J., BANKS, J., AND CIRCUIT JUDGE DAVIS IN PLACE OF PARSONS, J., UNABLE TO ATTEND ON ACCOUNT OF ILLNESS.

OPINION OF THE COURT BY BANKS, J.

This is an original statutory submission on agreed facts. In 1927 the legislature appropriated the sum of $200,000 for the construction of a sewer system for the town of Kahului on the Island of Maui. In due course bids were advertised for prescribing the plans and specifications under which the sewer system designated must be constructed. For the purposes of bidding the system was divided into two general sections and each section was divided into specific items. Section I comprised the main sewer into which all of the sewage emptied, a pumping apparatus and a final conduit through which the sewage was forced into the sea. Section II comprised the lateral or contributing sewers through which the sewage from different parts of the town was emptied into the main sewer. The items comprising sections I and II were set forth in the plans and specifications. In response to the advertisement several bids were submitted. All of them except two were rejected. The two that were not rejected were that of the Hawaiian Contracting Company, Limited, and that of E. J. Lord, Limited. The contracting company's bid was as follows:

| "A" Section I | | $176,207 |
|---|---|---|
| Item 1 | $61,470 | |
| " 2 | 63,720 | |
| " 3 | 32,680 | |
| " 4 | 18,337 | |
| Lump sum on "B," Section II | | $140,636 |

|  |  |  |
|---|---|---|
| Item | 1 | $ 3,590 |
| " | 2 | 7,175 |
| " | 3 | 3,080 |
| " | 4 | 21,800 |
| " | 5 | 24,000 |
| " | 6 | 40,911 |
| " | 7 | 14,400 |
| " | 8 | 10,900 |
| " | 9 | 14,780 |

Lump sum on Sections I and II      $316,843

And that of E. J. Lord, Limited, was as follows:

"A" Section I      $202,752.16

|  |  |  |
|---|---|---|
| Item | 1 | $73,195.06 |
| " | 2 | 70,548.28 |
| " | 3 | 28,616.32 |
| " | 4 | 30,392.50 |

Lump sum on "B," Section II      $104,064.49

|  |  |  |
|---|---|---|
| Item | 1 | $ 2,690.10 |
| " | 2 | 4,934.50 |
| " | 3 | 1,307.18 |
| " | 4 | 15,918.72 |
| " | 5 | 17,661.79 |
| " | 6 | 29,941.90 |
| " | 7 | 11,338.31 |
| " | 8 | 8,575.37 |
| " | 9 | 11,696.62 |

Lump sum on Sections I and II      $306,816.65

The total of each of these bids being in excess of the appropriation no contract could lawfully be awarded to either bidder for the construction of the entire sewer system and no attempt was made to do so.

The Territory, acting through the County of Maui, realizing from the bids that it had not sufficient available funds for the construction of the entire system, decided

to use the available funds it had for the construction of such portions of the system as it considered most important and most urgently needed. According to the agreed statement of facts the amount of these available funds at the time the bids were received was $189,815.05. A contract was awarded the Hawaiian Contracting Company for the construction of items 1, 2 and 4 of section I at and for the prices of the company's bid on these items and a contract was awarded E. J. Lord for the construction of item 3 of section I and item 8 of section II at and for the prices of his bid. This action of the Territory in awarding two separate contracts presents the question we are called upon to decide.

It is contended by the contracting company that the total of its bid on items 1, 2, 3 and 4 of section I and item 8 of section II being lower than the total of Lord's bid on these items the entire contract should have been awarded to it. It is the contention of the Territory that Lord's bid on item 3 of section I and item 8 of section II being lower than the contracting company's bid on these items it had the right to award the contract for these two items to Lord notwithstanding the contracting company's total bid for all the items of section I and item 8 of section II was lower than Lord's bid for the same items.

E. J. Lord, Limited, while a party to the instant proceeding, has filed no briefs and was not represented at the oral argument. It is stated in the agreed facts that he is "indifferent" and "joins herein as a necessary party to the submission." The controversy, therefore, is between the Honolulu Contracting Company and the Territory and the answer to the question presented is to be found in the advertisement for bids. This advertisement contained what was designated "information and instruction to bidders," the purpose of which was to apprise prospective bidders of the basis upon which they

might make estimates for the work which the supervisors of the County of Maui should, after the bids were received, decide to have done. In other words, the bidders, before making the estimates upon which their bids were based, were authorized to look to the published information in order to determine whether the lowest bidder might expect to be awarded a contract for all the items decided to be constructed, provided the total of his bids was the lowest, or whether he could only expect to be awarded a contract for that item or those items upon which his bid was the lowest and that other contracts might be awarded to other bidders for the construction of that item or those items upon which their bids were the lowest. It would be very material to bidders to know which of these courses the board of supervisors intended to adopt. If the former course was to be adopted the bidder would reasonably figure on distributing his "overhead" expenses among all the items, thus enabling him to make his itemized bids lower than if he knew that he might be awarded, and obliged to accept, a contract for only one item which would have to bear the entire cost of construction including "overhead."

The information and instruction to bidders provides in the first paragraph that "the work to be done under this contract comprises the furnishing of materials and the construction, complete, of the following principal features: "the contract mentioned referring, of course, to the contract for the construction of the sewer system or such portions of it as the board of supervisors might decide to have constructed. Section III provides that "inasmuch as the present available fund of one hundred and eighty thousand dollars ($180,000.00) will not be sufficient to complete the entire project, the job has been divided into various sections and items in order that a contract for the completion of the more urgent and im-

portant sections and items may be awarded at the present time within the limit of the available appropriation." Section IV provides that "the board of supervisors of the County of Maui reserves the right to let a contract for the completion of any section or sections of this project obligating the Territory of Hawaii and the County of Maui within the limit of present available funds, and also reserves the right to require the remaining sections or any portion thereof to be done under the terms of the contractor's proposal for the work should additional funds therefor be provided before the expiration of the period specified for the completion of the contract." And section X contains the following provision: "It is the intention and desire of the County of Maui to secure a complete and proper performance of the contract, and bidders must make their proposals with this understanding, and the prices bid must fully recognize this requirement." The references are to a *single contract* and not to a *number of contracts.* This is a clear indication that the board of supervisors intended to inform bidders that only one contract would be awarded and that to the bidder the total of whose bids on the various items was the lowest. Bidders, therefore, in making their bids, had a right to rely on the assurance thus given.

The only justification which the County of Maui, acting for the Territory, offers for the course it took in the instant case is that by awarding a contract for some of the items to Lord and a contract for the others to the contracting company the Territory was saved a considerable sum of money. However laudable this purpose it cannot prevail against the obvious meaning of the instructions and information given to bidders.

It is our conclusion that in the event a contract is awarded for the construction of such items as the board of supervisors, having in mind the available unexpended

balance of the appropriation, finally decides to have constructed, such contract should be awarded to the bidder the total of whose bids on such items is the lowest.

*E. H. Beebe* (*Thompson, Cathcart, Beebe & Winn* on the briefs) for plaintiff.

*E. R. Bevins,* County Attorney of Maui (also on the brief), for the Territory.